Dear Senator Cain:
We are in receipt of your opinion request dated October 11, 1996, in which you present the following questions relative to the regulation of tow trucks:
 1. If a company or an individual offers a truck for lease when said truck is less than 10,000 pounds but equipped with a winch and a trailer of proper capacity to carry a motor vehicle, would that truck be considered a "tow truck" and, therefore, be required to be licensed and comply with regulations as they apply to tow trucks?
 2. If, after leasing said truck, the company or individual offers his services under separate contract to drive the towing vehicle, must that entity or individual comply with regulations governing the towing industry?
LSA-R.S. 45:180.1 provides for the statutory regulation of wreckers and towing services and directs the Louisiana Public Service Commission to adopt regulations pertinent to wreckers and towing services. However, the Public Service Commission has not enacted or passed any uniform regulations to this effect. Cognizant of this possibility, the Legislature enacted LSA-R.S.45:180.1 (F) which gives the municipalities the authority to pass ordinances and regulations on the towing industry until such time as the Public Service Commission does act. Therefore, there may be local ordinances applicable to the issues you present.
Additionally, LSA-R.S. 32:1711 et seq., grants the State Department of Public Safety and Corrections (the "Department") the power to regulate the wreckers and towing services. LSA-R.S.32:1714, in part, states:
 The Department of Public Safety and Corrections, office of the state police, subject to the provisions of the Administrative Procedure Act, shall:
 (1) Adopt rules and regulations to govern the towing and storage industry in Louisiana.
 (2) Adopt rules and regulations to insure that no person shall operate a towing business when they arrive at the scene of a vehicle accident without being called by the police or by the owner of the vehicle or his representative. Any rules and regulations adopted to implement the provisions of this Paragraph, where directly or indirectly, shall not apply to municipalities which have a population of four hundred and fifty thousand or more and which have established procedures which pertain to the subject matter of this Paragraph and which also satisfy the requirements and standards of R.S. 32:1711 et seq.
 (3) Adopt and levy fines for violation of this Chapter or any rule or regulation adopted pursuant to this Chapter.
 (4) Make recommendations to the office of motor vehicles in reference to the examination, issuance, suspension, or revocation of licenses for tow trucks and operators.
 (5) Adopt a schedule of maximum fees which may be charged for the notifications required by this Chapter.
Pursuant to this authority, the Department promulgated Louisiana Administrative Code 55:I, Chapter 19. In answer to your first question, Section 1909 (A) clearly states that, "Tow Trucks with a GVWR [gross vehicle weight rating] or (sic) less than 10,000 pounds will not be licensed." Therefore, if the vehicle at issue does not satisfy the minimum weight requirement of 10,000 pounds established by the Department's regulations, then that vehicle will not be licensed. In effect, this means that this unlicensed vehicle cannot serve as a commercial towing vehicle.
Section 1908 (19) provides the following definition:
 Tow truck means a motor vehicle equipped with a boom or booms, winches, slings, tilt beds, wheel lifts, under-reach equipment, and/or similar equipment designed for the towing and/or recovery of vehicles and other objects which cannot operate under their own power or for some reason must be transported by means of towing.
Moreover, Section 1904 applies the Rules and Regulations of Towing, Recovery, and Storage "to all towing, towing and storage, and storage businesses which receive direct or indirect compensation for towing and/or storage services." Therefore, in answer to your second question, if someone contracts to tow a vehicle using a tow truck as defined by Section 1908, that individual is operating that vehicle for commercial purposes and is therefore subject to regulation by the Department. See Section 1915.
Therefore, while the Legislature has authorized the Public Service Commission and the Department of Public Safety and Corrections to develop regulatory guidelines for the field of towing services, only the Department has promulgated rules to this effect. Therefore, notwithstanding Paragraph 2 of LSA-R.S.32:1714 (cited above), those regulations control.
We direct you to Sergeant Wayne Ryland of the State Police who is best equipped to answer any questions you may have in relation to those regulations. You may reach him at (504) 925-6113, Extension #2.
I trust this provides you with some assistance. Please contact this office if you have any further questions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ Carlos M. Finalet, III Assistant Attorney General
cc: Sergeant Wayne Ryland Towing and Recover Unit No. 21 Post Office Box 66614 Baton Rouge, LA 7096